UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JERRY HARPER, | ) | CASE NO.  1:13 CV 1594 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C.  NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Jerry Harper's above-captioned *in forma pauperis*

civil rights Complaint.  He names Bank of America (BAC) Home Loans Servicing; BAC Assistant

Vice President Cody Mahon; BAC CEO Brian Moynihan; Attorney Phillip A. Italiano; Attorney

Adam L.  Bliss; Notary Shannond Montgomery; BAC employee Barry Alie; BAC employee Lorie

Nunn; Notary Cathy Ritchie; BAC employee Vicki Vasquez; Reisenfeld & Associates Attorneys at

Law; Attorney Matthew C. Gladwell; Attorney Carrie L. Rouse; Attorney Sarah Libel; Attorney

Rebecca Algenio; Attorney Ryan F. Hemmerle; Attorney Gregory Stout; Attorney Robert A. Wood;

Attorney Sallie A. Conyers; Magistrate James Blaszak; Judge James Burge; and, other John/Jane

Does.  Mr. Harper asserts the defendants engaged in acts that violated 18 U.S.C. §§ 241 & 242, as well as 42 U.S.C. §§ 1983, 1985 & 1988.  In his prayer for relief, he seeks a "declaratory judgment of ownership of the land and building in controversy"and damages that include $250,000.00 for each defendant's "infraction."

*Background*

BAC filed a foreclosure action against Mr. Harper on April 19, 2010 in the Lorain County Court of Common Pleas.  *See Bank of America NA v. Jerry Harper,*No. 10cv167218 (Lorain Cy. Ct. C. Pls.)(Burge, J.)  The bank was represented by the defendant law firm Reisenfeld & Associates.

During the course of the foreclosure proceedings, BAC allegedly requested eight extensions of time within which to file dispositive motions.  Mr. Harper complains Judge Burge and Magistrate Blaszak impermissibly granted extensions without allowing him a hearing or oral argument. Although Mr. Harper maintains he sent nine Notices and a "demand for 'debt validation' under Title 15, [U.S.C.] 1692 under notary Presentment" to BAC, the defendant allegedly failed to comply with section 1692 and "Regulation Z."  (Compl. at 7.)

All of the relevant facts Mr. Harper alleges in support of his complaint relate to the foreclosure action in Lorain County.  The substance of his allegations involves overlapping attacks on the court's proceedings, and can be summarized as follows:

- Magistrate Blaszak improperly granted BAC's Summary Judgment motion on September 30, 2011, without a hearing

- Magistrate Blaszak denied his Motion to Vacate the Summary Judgment without holding a hearing on that Motion, despite "factual evidence" of "potential fraud by Bank of America."

- During a hearing on March 14, 2012, Magistrate Blaszak ignored the motions Mr. Harper filed, despite his attorney's attempt to raise the issues contained in the Motion

2

- Mr. Harper advised his attorney that Magistrate Blaszak "had been an adversarial witness against the Church Harper pastors a few years earlier . . ." and stated during the March 14 hearing that he "has negative feelings toward Harper." (Compl. at 7-8.) Because Mr. Harper believed his attorney ignored this fact, he dismissed his attorney.[1]

On April 24, 2012, a Judgment for Foreclosure and sale of property was granted in Lorain County Court.  Mr. Harper claims his attorney never advised him of this decision until he "discovered it later in August 2012." (Compl. at 8.)

Despite the judgment in favor of BAC, Mr. Harper now believes he is entitled to a judgement from this Court declaring him as the real owner of the foreclosed property.  The details of his allegations are outlined in the following three Counts:(1) Count I - BAC and its Officer, employees, agents and attorneys used a fraudulent scheme to "affect a theft of Plaintiff's personal land and building" in violation of 18 U.S.C. §§ 241 & 241 and 42 U.S.C. § 1983; (2)Count II - Judge Burge and Magistrate Blaszak aided, abetted and conspired with BAC and all defendants, under color of law, to deny Mr. Harper's Constitutional right to due process and equal protection to "perfect the theft of Plaintiff's land and building" (Compl. at 13); and, (3) Count III - BAC and its co-conspirators were aware of the judicial obligation under 42 U.S.C. § 1986 to correct wrongs and their failure to correct these wrongs constitutes fraud in "Perjury on the Oath of Office at 18 U.S.C. 1621," thus depriving Mr. Harper of his rights pursuant to 18 U.S.C. §§ 241 and 242.  He concludes that this Court has a duty to provide a remedy under the due process and equal protection clauses "by granting Plaintiff [an] opportunity in this cause of action." (Compl. at 21.)

---

[1]The docket reveals a Motion to Withdraw was filed by Mr. Harper's attorneys on July 17, 2012.  Judge Burge granted the motion on July 25, 2012.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Judicial Immunity*

Judges performing judicial functions are cloaked with immunity from lawsuits seeking either, or both, damages and prospective injunctive relief. *See* 42 U.S.C. §1983;[2] *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officers are entitled to broad protection to ensure that the independent and impartial exercise of their judgment is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, the common law principle of absolute judicial immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will be not deprived of immunity even if the action he or she took was performed in error, done

---

[2]In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104-317, which restored the defense of absolute judicial immunity from suit.

maliciously, or was in excess of his or her authority.

There is no allegation that either the judge or the magistrate violated Mr. Harper's rights while either defendant was not acting in his judicial capacity. Instead, he explicitly asserts the judicial officers denied his perceived right to a hearing or oral argument during the course of litigation in the Court of Common Pleas. These decisions were judicial in nature and fell well within the subject matter jurisdiction of the judge and magistrate. If Mr. Harper believed he was deprived of a right, his available remedy was to file an appeal of the judicial officer's order.

Where, as here, a plaintiff is seeking declaratory relief pursuant to 42 U.S.C. §1983, as amended by Pub.L. No. 104-317, judicial immunity still exists with limited exceptions. Section 309(c) of the FCIA bars injunctive relief in any section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." *See* Pub.L. No. 104-317 at § (c) (importing doctrine of absolute judicial immunity into the statutory framework of § 1983). If these specific circumstances do not exist in a § 1983 action, statutory judicial immunity bars a plaintiff's claims for injunctive relief.

This case does not involve any exceptions to statutory judicial immunity. Mr. Harper's request for declaratory relief in this action negates any argument that declaratory relief is not available. Moreover, he does not aver the judge or magistrate violated any prior declaratory decree. Therefore, he does not have recourse against the judge or magistrate under 42 U.S.C. §1983.

*Failure to State a Claim*

A. 42 U.S.C. § 1983

5

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, section 1983 only provides a federal cause of action to vindicate the deprivation of a plaintiff's constitutional rights if the defendant is acting "under color of state law." 42 U.S.C. §1983.

With the exception of Judge Burge and Magistrate Blaszak, who are immune from suit, all of the named defendants in this action are private parties. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (citation omitted); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir.2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.") In order for a private party to be acting under color of state law, "its actions [must] so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir.2000). The Sixth Circuit applies three tests to determine whether a private party has acted under color of state law, for purposes of § 1983: (1) the "public function" test; (2) the "state compulsion" test; and (3) the "symbiotic relationship/nexus" test. *Id.*

Under the "public function" test, the actions of a private individual are fairly attributable to the state if the private party "exercise [s] powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992) (citations omitted). Mr. Harper does not allege the defendants engaged in

6

any actions that would constitute an exclusively "public function."

Applying the "state compulsion" test, would require the state "exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Id.* Again, nothing in the complaint even remotely suggests the State of Ohio exercised any coercive power over any of the private defendants.

Under the third and final "symbiotic relationship/nexus" test, the actions of the private party defendants will only constitute state action when there is a sufficiently close nexus between the state and the challenged action of a private party, to the extent that the actions of the private party are fairly attributable to those of the state. The Sixth Circuit has made clear that the ties between the private party and the state must be substantial. State regulation and the receipt of public funds will not convert private conduct into state action. *See, e.g., Lansing*, 202 F.3d at 830. There is no allegation that the private party defendants in this action received state funding or were otherwise under the influence or control of the State. Thus, the defendants are not state actors under the "symbiotic relationship/nexus" test. Without the liability of any state actor, Mr. Harper cannot sustain any action under §1983.

B.  42 U.S.C. § 1985

Mr. Harper's claim under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, a plaintiff must allege that the defendants conspired for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

Beyond his conclusory allegations that his equal protection rights were violated, Mr.
Harper does not allege any facts suggesting the defendants conspired to deprive him of a
protected right in violation of the Equal Protection Clause or that their actions were in any way
motivated by his race.

C.  42 U.S.C. § 1988

Under Section 1988(b), any party who  prevails on or against claims brought under civil
rights statutes like 42 U.S.C. §§ 1983 and 1985, may be awarded fees.  If the defendant is the
prevailing party, he or she "may recover an attorney's fee only where the suit was vexatious,
frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424,
429 n. 2 (1983).  Because Mr. Harper has failed to state any civil rights claim against the
defendants, section 1988 does not apply.

D.  18 U.S.C. §§241 & 242

To the extent Mr. Harper seeks to initiate criminal proceedings against the defendants, he
has no right to assert violations under sections 241 and 242.  Both are criminal statutes under
Title 18 they provide no private right of action.  *See United States v. Oguaju*, No. 02-2485, 2003
WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d
502, 511 (2d Cir.1994).  As a private citizen, Mr. Harper has no authority to initiate a federal
criminal prosecution.  That power is vested exclusively in the executive branch. *See United
States v. Nixon*, 418 U.S. 683, 693 (1974).

### Conclusion

Based on the foregoing, Mr. Harper's Motion to Proceed *in forma pauperis* is granted and
the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28

8

U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_Donald C. Nugent 8/7/13_
DONALD C.  NUGENT
UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is
not taken in good faith.

9